## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

In Re*:* A.J.

No. **13-0074** (Braxton County 12-JA-30)

**FILED**

May 24, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father, who is the former stepfather to the subject child, filed this appeal, by counsel Daniel Grindo. This appeal arises from the Circuit Court of Braxton County, which adjudicated petitioner as a neglectful parent by order entered on December 21, 2012. The guardian ad litem for the child, David Karickhoff, has filed a response supporting the circuit court's order. The Department of Health and Human Resources ("DHHR"), by its attorney Angela Alexander Walters, also filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In August of 2012, the DHHR filed the underlying abuse and neglect petition after neighboring campers reported hearing petitioner repeatedly beating the subject child at the family's campsite. The child's mother separated and filed for divorce from petitioner shortly after the camping incident. At the adjudicatory hearing in September of 2012, the circuit court found that petitioner's form of punishment made him an abusive and neglectful parent. The circuit court also found at the adjudicatory hearing that the child's mother was a non-abusing parent and returned the child to her. Finding permanency for the child achieved, the circuit court dismissed this case. Petitioner appeals the circuit court's adjudicatory order.

Petitioner argues two assignments of error. First, he argues that the circuit court's findings of neglect in its adjudicatory order were not supported by the evidence. He asserts that the testimony provided at the adjudicatory hearing was inconsistent; he argues, for instance, that the child's mother indicated that the beating occurred inside of the tent, whereas the child testified that he was beaten outside of the tent. Second, petitioner argues that the circuit court erred by not proceeding to the dispositional phase of abuse and neglect proceedings, as provided by Rule 32(a) of the Rules of Procedure for Child Abuse and Neglect. Rather, the circuit court dismissed the case without proceeding to disposition and, therefore, denied petitioner the opportunity to seek an improvement period or to argue for an appropriate parenting plan with the child.

1

In response, the child's guardian ad litem and the DHHR argue that the circuit court did not err or abuse its discretion in this case. Respondents argue that the circuit court properly heard testimony from various witnesses before making its adjudicatory findings on the record and in its adjudicatory order. Respondents further assert that, more importantly, the circuit court found that the child achieved permanency with his return to his non-offending biological mother. The guardian ad litem highlights that Rule 2 of the Rules of Procedure for Child Abuse and Neglect directs that the purpose behind these rules is to "achieve safe, stable, secure permanent homes for abuse and/or neglect children and fairness to all litigants." The child's guardian ad litem argues that, with the child doing well with his mother, any further hearings in this matter are moot.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Upon our review, the Court finds no error or abuse of discretion in the circuit court's adjudication of petitioner and subsequent dismissal of this case. We find that the circuit court was presented with sufficient evidence upon which it based findings of abuse and neglect. At the same hearing, the circuit court further found that the child could safely return to his biological mother who had separated herself from petitioner. The circuit court did not act incongruently against the purpose and objectives behind the Rules of Procedure for Child Abuse and Neglect and any further proceedings in this matter are unnecessary based on petitioner no longer being in the subject child's life.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** May 24, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II